Gary W. LEE, Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant.

Civ. A. No. 82–689–0.

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 14, 1982.

Sherod Eadon, Jr., Lee & Eadon, Columbia, S.C., for plaintiff.

William W. Watkins, Turner, Padget, Graham & Laney, PA, Columbia, S.C., for defendant.

## ORDER

MATTHEW J. PERRY, Jr., District Judge.

The parties came before this Court seeking a determination as to whether or not the Plaintiff was afforded insurance coverage by Defendant for two automobile accidents, one occurring on December 19, 1981, and the other on December 21, 1981. Defendant asserted that the policy of insurance lapsed according to its terms prior to the accidents, and that, therefore, there was no coverage. The Plaintiff asserts that the notice of lapse sent to him was an ineffective cancellation and that the policy, therefore, remained in effect. For the reasons set forth herein, this Court finds that the policy had lapsed by its own terms and that the Defendant was sent proper notice of cancellation.

The facts in this action are not in dispute. On October 16, 1981, the Plaintiff purchased a six-month renewable automobile policy from the Defendant. The effective policy coverage period was April 16, 1981 to October 16, 1981. On October 3, 1981, just prior to the termination of the six-month policy, the Defendant sent a premium notice for renewal to the Plaintiff. The notice provided that coverage would be renewed for a period of six months from October 16, 1981, to April 6, 1982, if the Plaintiff sent in a premium payment. The notice provided that the due date of payment was November 2, 1981. The Plaintiff admits receipt of this notice.

On November 13, 1981, the Defendant sent the following notice to the Plaintiff:

Dear Mr. Lee,

Our records do not show receipt of payment for the continuation premium.

We urge that you avoid further delay in premium payment. The policy terminated on the date shown below due to non-payment of premium; however, the policy will be continued without interruption providing payment is received by the company within 15 days after the date of this letter.

If payment was forwarded prior to your receipt of this notice, please disregard this notice.

If you have any questions regarding the policy or premium charge, please contact your INA agent or broker.

Sincerely,

Eugene F. McDonald
Director

| | |
|---|---|
| Policy | B10714400 |
| Termination Eff. | October 16, 1981 |
| Amount Billed | $467.00 |
| Amount Paid | $   .00 |
| Amount Due | $467.00 |

The Plaintiff admits receipt of this notice. At the end of the fifteen day period, the Defendant terminated the Plaintiff's policy. Plaintiff admits payment was not received by INA in a timely manner.

Plaintiff was involved in the above-mentioned automobile accidents on December 19 and 21, 1981.

The Plaintiff asserts that the letter of November 13, 1981, was a defective notice of cancellation, and therefore the policy continued in effect and coverage should be provided for the two December accidents.

In making this assertion, the Plaintiff refers to S.C.Code Ann. § 38–37–1450 (1976). This section provides that:

No cancellation or refusal to renew by an insurer of a policy of automobile insurance shall be effective unless the insurer shall deliver or mail, to the named insured at the address shown in the policy, a written notice of cancellation or refusal to renew. Such notice shall:

(1) Be approved as to form by the Commissioner prior to use;

(2) State the date, not less than sixty days after the date of such mailing or delivering on which such cancellation or refusal to renew shall become effective, except that such effective date may be fifteen days from the date of mailing or delivery when it is being cancelled or not renewed for the reason set forth in § 38–37–1440;

(3) State the specific reason or reasons of the insurer for cancellation or refusal to renew;

(4) Advise the insured of his right to request in writing, within fifteen days of the receipt of the reasons for such cancellation or intention not to renew, that the Commissioner review the action of the insurer;

(5) Either in the notice or in the accompanying statement advise the insured of his possible eligibility for insurance through the automobile assigned risk plan.

The Plaintiff asserts that, since the letter of November 13, 1981 did not comply with subsections (4) and (5) of this section of the Code, the notice by the company was an ineffective attempt to terminate the coverage.

The Plaintiff's claim, however, is without merit. The notice statute to which the Plaintiff refers is one of a group of provisions located in Article 37 of Title 38 of the South Carolina Code. There are certain instances when the provisions of Article 37 are inapplicable to the insurer-insured relationship; these instances are provided for in S.C.Code Ann. § 38–37–1510 (1976). Among its provisions, this section provides that:

Nothing in this article shall apply: (1) if the insurer has manifested to the insured its willingness to renew by actually issuing or offering to the insured to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention to the insured by any other means. . . .

Thus, if an insurance company manifests an intention to renew, the notice requirements of S.C.Code Ann. § 38–37–1450 (1976) need not be complied with.

The threshold question, therefore, is whether the October 3, 1981 premium notice for renewal sent by the insurer was sufficient to absolve it of the notice requirements of Title 38, Article 37 of the South Carolina Code. The Regulations of the South Carolina Insurance Department are particularly helpful on this question. Regulation 69–13, Section 6(1)–1 provides:

Some insurers effect a renewal of their policies by sending a renewal premium notice to the insured a reasonable period of time in advance of the expiration date of his policy. In such case, timely payment of the premium by the insured is all that is necessary to keep his policy in force. In this situation the mailing by the insurer of such renewal premium does constitute a manifestation of willingness by the insurer to renew within the meaning of § 38–37–1510(1). If the insured fails to pay the renewal premium when due, after receiving such notice, the policy will terminate in accordance with its terms. No further notice to the insured by the insurer of an intention not to renew for non-payment of premium is necessary. . . .

This regulation clarifies the duty of the insurance company to the insured. The Defendant clearly fulfilled its obligation to the Plaintiff by sending a renewal premium notice to the insured on October 3, 1981. The Plaintiff cannot complain of the Defendant's subsequent letter informing the Plaintiff of its intention to cancel the policy, for such notice was not required under the laws of South Carolina.

It is therefore clear, and it is this Court's holding, that the Defendant insurer fulfilled its obligation to the insured under the laws of South Carolina. By mailing its premium notice for renewal of the policy, the Defendant manifested a willingness to renew the policy. The Plaintiff could have renewed his automobile policy by sending a premium for renewal to the Defendant. The Defendant had no further notice obligations to the Plaintiff; that there is no coverage for the two automobile accidents is the sole fault of the Plaintiff. I therefore hold that there was no insurance coverage at the time of the Plaintiff's automobile accidents. Therefore, judgment is rendered accordingly in favor of the Defendant.

AND IT IS SO ORDERED.